UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kathy Skolsky, <br><br> Plaintiff, <br> v. <br><br> Chase Receivables, Inc.; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: _____ <br><br><br> **COMPLAINT** |

For this Complaint, Plaintiff, Kathy Skolsky, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.    Plaintiff, Kathy Skolsky ("Plaintiff"), is an adult individual residing in Elwyn Media, Pennsylvania, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant, Chase Receivables, Inc. ("Chase"), is a California business entity with an address of 951 California Boulevard, Napa, California 94559, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Chase and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Chase at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Chase for collection, or Chase was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Chase Engages in Harassment and Abusive Tactics**

12. In or around June 2013, Chase began placing calls to Plaintiff in an attempt to collect the Debt.

13. At all times mentioned herein, Chase placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using an artificial or pre-recorded voice.

14. Plaintiff never provided consent to Chase or the Creditor to be contacted on her cellular telephone.

15. On or about June 17, 2013, Chase left a pre-recorded voicemail message on

2

Plaintiff's cellular telephone in an attempt to collect the Debt.

16. Chase left the same message on Plaintiff's cellular telephone on or about June 21, 2013, and proceeded to place automated calls to Plaintiff on or about July 2, July 18, July 19, and July 22, 2013.

17. On or about July 23, 2013, Plaintiff answered one of Chase's calls. When answering this call, Plaintiff heard a pre-recorded message directing her to please "hold for an important message." Plaintiff stayed on the line to speak with a live representative.

18. During this call, Chase failed to identify the name of its company to Plaintiff and failed to state that the purpose of the call was an attempt to collect the Debt.

19. Moreover, despite Plaintiff confirming her identity, Chase refused to provide Plaintiff with the name of the Creditor and the amount owed on the Debt.

20. In addition, Chase failed to send a validation notice to Plaintiff within five (5) days of its initial communication with Plaintiff.

C. **Plaintiff Suffered Actual Damages**

21. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

22. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ*.**

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in

behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

25. Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to Plaintiff without disclosing the identity of the debt collection agency.

26. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

27. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

28. Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform Plaintiff that communications were an attempt to collect the Debt.

29. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

30. Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff a letter within five days of its initial contact with Plaintiff.

31. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

32. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, *ET SEQ.*

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Plaintiff is a "consumer" as defined in 73 P.S. § 2270.3.

35. Defendants are each individually a "debt collector" as defined in 73 P.S. § 2270.3.

36. Defendants violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., which constitutes an unfair or deceptive practice under 73 P.S. § 2270.4(a).

37. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET SEQ.*

1. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2. Without prior express consent, Defendants contacted Plaintiff by means of automated telephone calls on her cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii). As such, each call placed to Plaintiff is a knowing and/or willful violation of the TCPA, and is therefore subject to treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(C).

3. In the alternative, as a result of each negligent call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT IV
## VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, *ET SEQ.*

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Defendants' violations of the Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

40. Defendants' acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

41.   As a result of Defendants' violations, Plaintiff has suffered ascertainable losses entitling Plaintiff to actual, statutory and treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 2270.5;

4. Statutory damages pursuant to 73 P.S. § 2270.5(c);

5. Actual damages pursuant to 73 P.S. § 201-9.2(a);

6. Statutory damages pursuant to 73 P.S. § 201-9.2(a);

7. Treble damages pursuant to 73 P.S. § 201-9.2(a);

8. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

9. Punitive damages; and

10. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 21, 2013

Respectfully submitted,

By /s/ JBB8445

Jody B. Burton, Esq.
Bar No.: 71681
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff